1
2
3
4
5          UNITED STATES DISTRICT COURT
6                EASTERN DISTRICT OF CALIFORNIA
7
8    JAMES RICHARD PORTER,              )    1:08-cv-00157-AWI-TAG HC
                                        )
9                  Petitioner,          )    ORDER REQUIRING PETITIONER TO FILE
                                        )    AN AMENDED PETITION
10      v.                              )
                                        )    ORDER REQUIRING AMENDED PETITION
11                                      )    TO BE FILED WITHIN THIRTY DAYS
     ROBERT A. HOREL, Warden,           )
12                                      )
                   Respondent.          )
13   _____)
14
15                        PROCEDURAL HISTORY
16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
17   pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on
18   January 31, 2008.  (Doc. 1).  A preliminary review of the Petition, however, reveals that the petition
19   may contained unexhausted claims and may also be untimely and should therefore be dismissed.
20                             DISCUSSION
21        A.  Preliminary Review of Petition
22           Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition
23   if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is
24   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.
25   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
26   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
27   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th
28   Cir.2001).

                                          1

1    The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

2  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

3  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

4    **I. Exhaustion.**

5    A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

6  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

7  exhaustion doctrine is based on comity to the state court and gives the state court the initial

8  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

9  U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982);  Buffalo v. Sunn, 854 F.2d 1158,

10 1163 (9th Cir. 1988).

11    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

12 full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

13 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

14 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

15 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

16 claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

17 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

18    Additionally, the petitioner must have specifically told the state court that he was raising a

19 federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

20 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

21 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

22 Supreme Court reiterated the rule as follows:

23         In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
         remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order
24        to give the State the "opportunity to pass upon and correct alleged violations of the prisoners'
         federal rights" (some internal quotation marks omitted).  If state courts are to be given the
25        opportunity to correct alleged violations of prisoners' federal rights, they must surely be
         alerted to the fact that the prisoners are asserting claims under the United States Constitution.
26        If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied
         him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not
27        only in federal court, but in state court.

28
   Duncan, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

1
2
3
4
5
6
7

      Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

      In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

8

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

9
10
11
12
13
14
15
16

      In his petition, Petitioner alleges that, in his direct appeal, he raised issues regarding the trial court's failure to give two limiting instructions.  (Doc. 1, p. 3-A).  He also alleges that he filed state habeas petitions in the Kern County Superior Court and the California Court of Appeal raising three issues of ineffective assistance of trial and appellate counsel and one issue relating to the trial court's failure to conduct a competency hearing.  (Doc. 1, pp. 3-4).  Petitioner does <u>not</u> allege that he presented these issues to the California Supreme Court.  In the instant federal petition, Petitioner raises three claims of ineffective assistance of counsel and one claim that the trial court erred in failing to give a limiting instruction.  (Doc. 1, pp. 6-7).

17
18
19
20
21
22
23
24
25
26
27

      From the foregoing, it appears that Petitioner's three claims of ineffective assistance of counsel  were never presented to the California Supreme Court.  If Petitioner has not presented these three claims for federal relief to the California Supreme Court, the Court must dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  If Petitioner has presented these federal claims to the California Supreme Court and simply neglected to inform this Court, Petitioner must inform the Court  which constitutional claims have been presented to the California Supreme Court and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  From the instant petition, this Court cannot determine which claims, if any, have been presented to the California Supreme Court; thus, the Court is unable to proceed to the merits of the petition.

28

1   At the very least, the instant petition appears to be a mixed petition, containing both

2   exhausted and unexhausted claims.   Even though the instant habeas petition appears to state

3   cognizable federal claims, the Court would nevertheless be required to dismiss a mixed petition

4   without prejudice to give Petitioner an opportunity to exhaust the claims.  Rose v. Lundy, 455 U.S.

5   509, 521-22 (1982);  Calderon, 107 F.3d at 760.

6       **II.  Statute of Limitations**.

7       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

8   1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

9   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

10  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

11  (1997).  The instant petition was filed on January 31,  2008, and thus, it is subject to the provisions

12  of the AEDPA.

13      The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

14  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

15  reads:

16      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The
17      limitation period shall run from the latest of –

18          (A) the date on which the judgment became final by the conclusion of direct
        review or the expiration of the time for seeking such review;

19
20          (B) the date on which the impediment to filing an application created by
        State action in violation of the Constitution or laws of the United States is removed, if
        the applicant was prevented from filing by such State action;

21
22          (C) the date on which the constitutional right asserted was initially recognized by
        the Supreme Court, if the right has been newly recognized by the Supreme Court and made
        retroactively applicable to cases on collateral review; or

23
24          (D) the date on which the factual predicate of the claim or claims presented
        could have been discovered through the exercise of due diligence.

25      (2) The time during which a properly filed application for State post-conviction or
        other collateral review with respect to the pertinent judgment or claim is pending shall
26      not be counted toward any period of limitation under this subsection.

27  28 U.S.C. § 2244(d).

28  ///

4

Here, Petitioner asserts that he was convicted on June 3, 1997, and that the California Court of Appeal affirmed his conviction on January 28, 2000, and that subsequently the California Supreme Court denied his petition for review.  Therefore, direct review would have concluded when the ninety day period for seeking review in the United States Supreme Court expired following the date on which his petition for review was denied by the California Supreme Court.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Under normal circumstances, a petition for review must be filed within forty days of the date of the Court of Appeal's decision, and is ruled upon within a relatively short period of time, usually no longer than ninety days.  Thus, although Petitioner did not specify the date when his petition for review was denied, it would probably have been in Spring 2000.  Petitioner would then have one year from that date in which to file his federal petition for writ of habeas corpus. The instant case was filed on January 31, 2008, approximately seven years after the statute of limitations would have expired.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  See Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one "full round" of collateral review in state court without federal interference.  While the "full round" is properly in progress, the AEDPA's one-year statute is tolled.).   Welch v. Carey, 350 F.3d 1079 (9th Cir. 2003) cert. denied by Welch v. Carey, 2004 U.S. LEXIS 3930 (June 1, 2004).

Petitioner asserts that he sought collateral state review in Superior Court and the Court of Appeal regarding the claims in the instant petition.  However, Petitioner does not indicate on the form petition the dates on which those two petitions were filed in the state courts; hence, the Court cannot calculate the amount of statutory tolling, if any, to which Petitioner is entitled during the pendency of those petitions.

Moreover, a petitioner is not entitled to statutory tolling for state petitions filed after the one-year statute has expired.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir.

2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended

before the state petition was filed."); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (8th Cir. 1999)

(petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year

limitations period).  Since the Court cannot determine from the information in the petition when the

statute would have commenced and when it would have expired, the Court is unable to determine

whether Petitioner is entitled to any statutory tolling whatsoever.

Because Petitioner may have exhausted his claims by presenting them to the California

Supreme Court and simply neglected to inform the Court of this fact, and because Petitioner needs to

provide more information in order for this Court to make a preliminary determination whether the

petition was filed within the one-year limitation period, the Court will grant Petitioner leave to file

an amended petition so that Petitioner may include the specific dates on which state court collateral

proceedings were pending so that the Court can ascertain whether the statute of limitations has

expired with respect to Petitioner's claims and whether those claims are exhausted.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner is granted thirty (30) days from the date of service of this order to file an
    amended petition.  Petitioner must inform the Court what claims have been presented to
    the California Supreme Court as well as the dates when the California Supreme Court
    ruled on those claims.[1]

Petitioner is advised that the amended petition should be clearly entitled "Amended Petition

for Writ of Habeas Corpus."  Petitioner is advised that the petition must set forth his claim(s),

including all the facts and arguments in support of said claim(s).  With respect to any claims raised in

an amended petition, Petitioner must have presented those claims, either in his original state court

appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to

raising them in this Court.  It is Petitioner's responsibility to advise the Court in his amended petition

---

[1]In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As mentioned, the limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court.  However, it is not tolled for the time a *federal* petition is pending in federal court.  <u>Duncan v. Walker</u>, 121 S.Ct. 2120, 69 USLW 4473 (2001).

of the dates when the state courts ruled on the issues Petitioner raised.  The Court will not consider the original petition.  Petitioner's failure to file an amended petition in a timely fashion will result in a recommendation that the petition be dismissed pursuant to Local Rule 11-110.


IT IS SO ORDERED.

Dated:   **March 24, 2008**                                      _____**/s/ Theresa A. Goldner**_____
_____                                                              UNITED STATES MAGISTRATE JUDGE

7