# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES RICHARD PORTER, | ) | 1:08-cv-00157-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY PETITION |
| | ) | SHOULD NOT BE DISMISSED AS |
| v. | ) | UNTIMELY |
| | ) | |
| | ) | ORDER REQUIRING THAT PETITIONER |
| ROBERT A. HOREL, Warden, | ) | FILE RESPONSE WITHIN THIRTY DAYS |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on January 31, 2008.  (Doc. 1).  A preliminary review of the Petition, however, revealed that the petition may contained unexhausted claims and may also be untimely and should therefore be dismissed.  Accordingly, the Court issued an order requiring Petitioner to amend his petition to include additional information addressing the Court's concerns.  (Doc. 5).  On April 29, 2008, Petitioner filed his First Amended Petition.  (Doc. 6).  The Court has conducted a preliminary review of the amended petition and finds that it has not resolved the Court's concerns regarding timeliness.

## DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. This Order to Show Cause provides Petitioner with such notice.

B. Statute of Limitations.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on January 31, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

///

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner asserts that he was convicted on June 3, 1997, and that the California Court of Appeal affirmed his conviction on January 28, 2000, and that subsequently the California Supreme Court denied his petition for review. Through its own investigation of the California court system's electronic database, the Court has determined that Petitioner's initial appeal resulted in a remand from the California Supreme Court to the California Court of Appeal, Fifth Appellate District ("5th DCA") and that, upon remand, the 5th DCA affirmed the conviction and sentence on January 10, 2003.[1] There is no indication that Petitioner filed a Petition for Review in the California Supreme Court from the 5th DCA's decision. According to the Rules of Court, a decision of the Court of Appeal becomes final thirty days after filing, and an appeal must be taken to the California Supreme Court within ten days of finality. Rule 24(a), 28(b), Cal.R.Ct. Accordingly, Petitioner's direct review became final forty days after January 10, 2003, or on February 19, 2003. The one-year limitations period would have commenced to run on February 20, 2003, and would have expired on February 19, 2004. The instant case was filed on January 31, 2008, almost four years **after** the statute of limitations would have expired. Thus, unless Petitioner is entitled to tolling sufficient to account for those four years, the petition is untimely and must be dismissed.

C. Statutory Tolling.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). See

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one "full round" of collateral review in state court without federal interference. While the "full round" is properly in progress, the AEDPA's one-year statute is tolled.).  Welch v. Carey, 350 F.3d 1079 (9th Cir. 2003).

The California court system's electronic database indicates that Petitioner, in addition to the filings associated with his direct appeal and remand, also filed the following state habeas petitions: (1) a petition filed in the 5th DCA on March 1, 2002 and denied on March 14, 2002 in case number F040033, by attorney Donalee Huffman; (2) a petition filed in the 5th DCA on May 11, 2006 and denied on October 12, 2006 in case number F050339; (3) a petition filed on February 8, 2007 and denied on July 11, 2007 in case number S150281 in the California Supreme Court; (4) a petition filed on February 9, 2005 and denied on December 21, 2005 in case number S131347 in the California Supreme Court; and (5) a petition filed on November 28, 2001 and denied on April 17, 2002 in case number S10232 in the California Supreme Court.

Petitions number one and number five were filed and denied *before* Petitioner's direct appeal became final and *before* the one-year limitations period even commenced to run; accordingly, they are irrelevant to the determination of statutory tolling during the limitations period.  The remaining three petitions were filed <u>after</u> the one year limitations period had already expired on February 19, 2004.  Accordingly, they do not provide a basis for statutory tolling either.  A petitioner is not entitled to statutory tolling for state petitions filed after the one-year statute has expired.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

Accordingly, it appears to the Court that the five state petitions listed above to not afford Petitioner any statutory tolling and thus the instant petition is untimely by almost four years and must be dismissed.  However, because it is possible that Petitioner has additional information regarding his entitlement to tolling under the AEDPA that he has not presented to this Court, the Court will

permit him to file a Response to this Order To Show Cause and present such information in that Response. If Petitioner's Response does establish his entitlement to tolling sufficient to account for the four year lapse and thereby make the petition timely, the Court will issue a Findings and Recommendations to dismiss the petition for violation of the AEDPA's one-year statute of limitations. Any information presented in the Response should be substantiated by documentation, e.g., copies of state habeas petitions filed by Petitioner in the state court and copies of the orders from the state courts denying those petitions.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

(1)   Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **May 22, 2008**                                               **/s/ Theresa A. Goldner**
                                                                        UNITED STATES MAGISTRATE JUDGE