UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES RICHARD PORTER, | ) | 1:08-cv-00157-AWI-TAG HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS TO |
| v. | ) ) | DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY |
| | ) ) | ORDER REQUIRING THAT OBJECTIONS |
| ROBERT A. HOREL, Warden, | ) ) | BE FILED WITHIN TWENTY DAYS |
| Respondent. | ) ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on January 31, 2008. (Doc. 1).

A preliminary review of the petition revealed that the petition may contained unexhausted claims and may also be untimely and should therefore be dismissed. Accordingly, the Court issued an order requiring Petitioner to amend his petition to include additional information addressing the Court's concerns. (Doc. 5). On April 29, 2008, Petitioner filed a First Amended Petition. (Doc. 6). After conducting a preliminary review of that amended petition, the Court concluded that the amended petition did not satisfy the Court's concerns regarding timeliness. The Court, on May 23, 2008, issued an Order to Show Cause why the petition should not be dismissed and gave Petitioner thirty days to respond. (Doc. 7). On June 23, 2008, Petitioner filed his response. (Doc. 8). Based on all of the documents now before the Court, the Court recommends that the petition be dismissed as untimely.


DISCUSSION

A. <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001). In <u>Herbst</u>, the Ninth Circuit concluded that a district court may dismiss <u>sua sponte</u> a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. <u>Herbst</u>, 260 F.3d at 1041-1042. The Order to Show Cause (Doc. 7) provided Petitioner with such notice.

B. <u>Statute of Limitations</u>.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), <u>cert. denied</u>, 118 S.Ct. 586 (1997). The instant petition was filed on January 31, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by

Case 1:08-cv-00157-AWI-TAG   Document 13   Filed 11/04/08   Page 3 of 7

the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner asserts that he was convicted on June 3, 1997, and that the California Court of Appeal affirmed his conviction on January 28, 2000, and that subsequently the California Supreme Court denied his petition for review. Through its own review of the California court system's electronic database, the Court has determined that Petitioner's initial appeal resulted in a remand from the California Supreme Court to the California Court of Appeal, Fifth Appellate District ("5th DCA") and that, upon remand, the 5th DCA affirmed the conviction and sentence on January 10, 2003.[1] There is no indication that Petitioner filed a petition for review in the California Supreme Court from the 5th DCA's decision. According to the Rules of Court, a decision of the Court of Appeal becomes final thirty days after filing, and an appeal must be taken to the California Supreme Court within ten days of finality. Rule 24(a), 28(b), Cal.R.Ct. Accordingly, Petitioner's direct review became final forty days after January 10, 2003, or on February 19, 2003. The one-year limitations period would have commenced to run on February 20, 2003, and would have expired on February 19, 2004. The instant case was filed on January 31, 2008, almost four years **after** the statute of limitations would have expired. Thus, unless Petitioner is entitled to tolling sufficient to account for those four years, the petition is untimely and must be dismissed.

///

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

3

C.  <u>Statutory Tolling</u>.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  See <u>Carey v. Saffold</u>, 536 U.S. 214, 122 S. Ct. 2134 (2002) ( A petitioner is normally entitled to one "full round" of collateral review in state court without federal interference.  While the "full round" is properly in progress, the AEDPA's one-year statute is tolled.); <u>Welch v. Carey</u>, 350 F.3d 1079 (9th Cir. 2003).

The California court system's electronic database indicates that Petitioner, in addition to the filings associated with his direct appeal and remand, also filed the following state habeas petitions: (1) a petition filed in the 5th DCA on March 1, 2002 and denied on March 14, 2002 in case number F040033, by attorney Donnalee Huffman; (2) a petition filed in the 5th DCA on May 11, 2006 and denied on October 12, 2006 in case number F050339; (3) a petition filed on February 8, 2007 and denied on July 11, 2007 in case number S150281 in the California Supreme Court; (4) a petition filed on February 9, 2005 and denied on December 21, 2005 in case number S131347 in the California Supreme Court; and (5) a petition filed on November 28, 2001 and denied on April 17, 2002 in case number S10232 in the California Supreme Court.

Petitions number one and number five were filed and denied *before* Petitioner's direct appeal became final and *before* the one-year limitations period even commenced to run; accordingly, they are irrelevant to the determination of statutory tolling during the limitations period.  The remaining three petitions were filed <u>after</u> the one year limitations period had already expired on February 19, 2004.  Accordingly, they do not provide a basis for statutory tolling either.  A petitioner is not entitled to statutory tolling for state petitions filed after the one-year statute has expired.  <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); <u>see</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003)("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (9th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

Accordingly, the five state petitions listed above do not afford Petitioner any statutory tolling and thus the instant petition is untimely by almost four years and must be dismissed.

In his response to the Order to Show Cause, Petitioner raises two points: (1) his attorney at one point was Donnalee Huffman, who was subsequently disciplined by the State Bar of California, according to Petitioner, for her conduct in representing him; and (2) Petitioner suffers from certain mental illnesses. (Doc. 8). Regarding the first issue, even assuming, arguendo that Petitioner has a legitimate grounds for ineffective assistance of counsel against Ms. Huffman, he has failed to establish that the misconduct of Ms. Huffman prevented him from filing his federal petition in a timely manner. Petitioner indicates that after a certain point, it became impossible to reach Ms. Huffman. (Doc. 8, p. 2). Petitioner, however, has not provided any evidence that Ms. Huffman misled him, misrepresented the deadlines for filing his federal petition, or otherwise made representations to him upon which he reasonably relied and that precluded him from later pursuing his claims in federal court.

Regarding Petitioner's claim of mental illness, that more properly implicates the issue of equitable rather than statutory tolling.

D.  Equitable Tolling.

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997)(noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"), overruled on other grounds by Calderon v. United States District Court (Kelly), 163 F. 3d 530, 541 (9th Cir. 1998)(en banc) , overruled in part on other grounds by Woodford v. Garceau, 538 U.S. 202, 205-206, 123 S. Ct. 1398 (2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Lott v. Mueller, 304 F. 3d 918, 922 (9th Cir. 2002)(quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).

///

Petitioner's claim of mental illness alone is insufficient to equitably toll the limitations period.  Although some courts have recognized mental illness as a basis for equitable tolling of a federal statute of limitations, they have done so only where the mental "illness in fact prevent[ed] the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.1996); see also Nunnally v. MacCausland, 996 F.2d 1, 6 (1st Cir.1993); United States v. Page, 1999 WL 1044829, at *1-2 (N.D.Ill. Nov. 16, 1999); Decrosta v. Runyon, 1993 WL 117583, at *2-3 (N.D.N.Y. Apr. 14, 1993); Speiser v. United States Dept. of Health & Human Services, 670 F.Supp. 380, 384 (D.D.C.1986); cf. Accardi v. United States, 435 F.2d 1239, 1241 n. 2 (3d Cir.1970) ("Insanity does not prevent a federal statute of limitations from running."); Boos v. Runyon, 201 F.3d 178, 184 (2nd Cir.2000) ("The question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is ... highly case-specific.").  Even assuming the correctness of such an approach, Petitioner has not made the requisite showing.

Petitioner provides the Court with a November 20, 2003 Declaration by Dr. Jonathan R. Tatomer, M.D., who indicated he had diagnosed Petitioner as psychotic with depressive features, and recommended the involuntary administration of drugs to treat his condition because Petitioner would not voluntarily take the medications.  (Doc. 8, p. 13).   Dr. Tatomer states that Petitioner was suicidal and a danger to himself, but that, with medication, he could be stabilized.  (Id. at pp. 16-17).   While such evidence does indicate a serious mental condition, such information alone does not establish that Petitioner was *incapable* of preparing and filing a habeas petition between February 20, 2003 and February 19, 2004.  See Runyon, 77 F.3d at 192 ("Most mental illnesses today are treatable by drugs that restore the  patient to at least a reasonable approximation of normal mentation and behavior. When his illness is controlled he can work and attend to his affairs, including the pursuit of any legal remedies that he may have."). Thus, equitable tolling of the statute of limitations is not warranted.

### **RECOMMENDATIONS**

For the foregoing reasons, the Court RECOMMENDS that the amended petition for writ of habeas corpus be dismissed as untimely.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 4, 2008**                                    /s/ Theresa A. Goldner
                                                                              UNITED STATES MAGISTRATE JUDGE