# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES RICHARD PORTER, | ) | 1:08-cv-00157-AWI-TAG (HC) |
| Petitioner, | ) ) | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | ) ) | (Doc. 13) |
| ROBERT A. HOREL, Warden, | ) ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | ) ) | (Doc. 1) |
| | ) ) | ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 4, 2008, the Magistrate Judge assigned to the case filed Findings and Recommendations recommending that the petition for writ of habeas corpus be dismissed as untimely. (Doc. 13). The Findings and Recommendations were served on all Petitioner and contained notice that any objections were to be filed within twenty days from the date of service of that order. On November 17, 2008, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. 14).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for

1

questioning the Magistrate Judge's analysis. The district court has the authority to raise the statute of limitations sua sponte. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1042 & n.3 (9th Cir. 2001). Here, Petitioner was given notice concerning the petition's potential dismissal, and Petitioner has failed to show grounds entitling him to statutory tolling or equitable tolling.

Moreover, the Court will deny issuance of a certificate of appealability. The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336, 123 S. Ct. 1029 (2003).

The controlling statute, 28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
    (A) the final order in a habeas corpus proceeding in which the detention
      complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner must obtain a certificate of appealability. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of

appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

       In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has not shown an entitlement to federal habeas corpus relief.  Accordingly, the Court will deny the issuance of a certificate of appealability.

ORDER

       Accordingly, IT IS HEREBY ORDERED that:

       1. The Findings and Recommendations filed November 4, 2008 (Doc. 13), are ADOPTED IN FULL;

       2. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED;

       3.  Issuance of a certificate of appealability is DENIED; and,

       4. This order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   March 11, 2009**                     **/s/ Anthony W. Ishii**
                                               CHIEF UNITED STATES DISTRICT JUDGE